UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THEODORE LATIMORE,

                Petitioner,

-against-

S. BARTON, SUPERINTENDENT,

                Respondent.

24-CV-4276 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is proceeding *pro se* and *in forma pauperis*, is currently incarcerated at Altona Correctional Facility. He filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, seeking relief from a 2021 Dutchess County conviction. By order dated August 22, 2024, the Court directed Petitioner to file an amended petition to: (1) clarify which conviction he was challenging; and (2) show that he had exhausted his state-court remedies. (ECF 6.) Petitioner filed an amended petition (ECF 7), and the Court has reviewed it. For the following reasons, the Court dismisses the amended petition without prejudice.

## BACKGROUND

In the amended petition, Petitioner states that in 2021, he was convicted in Dutchess County of three counts of an unspecified crime and sentenced to 4 to 12 years in prison. (ECF 7 ¶¶ 1-5.) Petitioner filed an appeal in the Second Department, which remains pending. (*Id.* ¶ 9.) Sometime in 2024, Petitioner filed a challenge to the conviction – possibly a state *habeas corpus* petition – in the Clinton County Court, which is also pending. (*Id.* ¶ 11.)

Petitioner seeks *habeas corpus* relief in this Court on the following grounds: (1) he was improperly sentenced as a second felony offender; (2) the sentencing court failed to explain the consequences of waiving his appellate rights; (3) he received ineffective assistance of counsel; (4) the imposed sentence was excessive. (*Id.* ¶ 12.)

## DISCUSSION

Before a petitioner can seek federal *habeas* relief, § 2254 requires exhaustion of all available state remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). A *habeas* petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In other words, if the State provides a procedure, a *habeas* petitioner must take advantage of that procedure before coming to federal court. The state judicial system must be given the first opportunity to review the errors raised by a petitioner before this Court may review a petition for a writ of *habeas corpus* brought under Section 2254. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

In order to exhaust his claims for purpose of *habeas corpus* review, a petitioner must wait for the Appellate Division to decide the outcome of his appeal. If the petitioner is adversely affected by the court's decision, he must seek leave to appeal to the New York Court of Appeals, the highest state court. N.Y. Crim. P. L. § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If the petitioner files any N.Y. Crim. P. L. § 440.10 motions and/or other collateral motions, he must completely exhaust the claims in those motions by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Because Petitioner provides information that his state court appeal remains pending, the Court finds that he has not fully exhausted his state court remedies and denies the petition as prematurely filed. After Petitioner has fully exhausted his state court remedies to the Court of Appeals, he may file his *habeas corpus* petition in this Court.

## CONCLUSION

The Court denies Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge